# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **CALEB PROCHNOW,** | |
| Plaintiff, | Civil Action No. _____ |
| v. | **JURY TRIAL DEMANDED** <br> **INJUNCTIVE RELIEF SOUGHT** |
| **MERCEDES MEDICAL, LLC,** | |
| Defendant. | |

## CALEB PROCHNOW'S COMPLAINT
## FOR COPRYIGHT INFRINGEMENT, BREACH OF CONTRACT, AND UNJUST ENRICHMENT AGAINST MERCEDES MEDICAL, LLC AND DEMAND FOR JURY TRIAL

Plaintiff Caleb Prochnow ("Mr. Prochnow"), by and through his attorneys, alleges the following against defendant Mercedes Medical, LLC ("Mercedes" or "Defendant"):

## NATURE OF THE ACTION

1. This action arises from Defendant Mercedes' willful, deliberate, and repeated infringement of Mr. Prochnow's copyrights for original and creative works; Defendant Mercedes' breach of its contract with Mr. Prochnow; and

Defendant Mercedes' unjust enrichment through the use of Mr. Prochnow's works and derivatives thereof.

2. Caleb Prochnow is an artist and instructor at the Ringling College of Art and Design, based in Sarasota, Florida. Mr. Prochnow's original, pictorial illustrations have been purchased by a variety of corporations for use in advertising and marketing around the world.

3. In 2005, Mr. Prochnow created original pictorial illustrations of a cartoon hippopotamus who is now immediately recognizable and referred to by Mercedes as "Henry the Histo-Potamus" ("Henry"). Mercedes received limited ownership rights from Mr. Prochnow to use thirteen original illustrations of Henry in free, promotional calendars. No rights in the copyright were granted to Mercedes, nor were derivative rights provided to Mercedes.

4. For the next four years, Mr. Prochnow was asked by Mercedes to provide, and Mr. Prochnow provided, illustrations to Mercedes for use by Mercedes exclusively in annual free calendars. Each year the nominal price paid by Mercedes was less than published rates for limited-use calendar illustrations and confirmed that Mercedes's right to use the works was limited to free, promotional calendar illustrations. At no time did Mr. Prochnow grant or license copyright or derivative rights in any of his works of authorship to Mercedes.

5. In 2010, Mr. Prochnow received an offer from Mercedes to expand the use of Mr. Prochnow's Henry images and in return pay Mr. Prochnow quarterly an eight percent (8%) royalty on sales of products sold in conjunction with the use of Mr. Prochnow's Henry illustrations. The offer was accepted by Mr. Prochnow on at least March 26, 2010.

6. Soon thereafter, communications from Mercedes ceased, no royalty payments were sent to Mr. Prochnow, and Mr. Prochnow's contact at Mercedes left. Mr. Prochnow assumed that Mercedes had chosen not to use his illustrations with the sale of Mercedes products. Indeed, Mr. Prochnow believed that Mercedes had stopped using images of Henry entirely because they did not contact him for additional calendars or additional Henry illustrations.

7. In late 2015, Mr. Prochnow learned that Mercedes had and continues to use Mr. Prochnow's Henry illustrations and derivatives thereof directly with the sale of Mercedes products, including through sale of products on Mercedes' website, and on product packaging, catalogs, and other advertising materials relating directly to the sale of Mercedes' histology-related products.

8. Despite being explicitly informed of Mr. Prochnow's rights of authorship and copyrights in the original, pictorial illustrations, Mercedes' unauthorized use of the illustrations without remuneration to Mr. Prochnow continues unabated. Such actions by Mercedes constitute willful copyright

infringement, a breach of the parties' 2010 agreement, and unjust enrichment by Mercedes at the expense of Mr. Prochnow's efforts and work.

9. Attempts by Plaintiff to reach an amicable and mutually acceptable resolution without the need for litigation have been rebuffed by Defendant, leaving Mr. Prochnow with no choice but to institute the current action.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court is invoked at least under 28 U.S.C. §1338(a) pursuant to the Copyright Act of 1976, 17 U.S.C. §101 et seq.

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(a).

## THE PARTIES

12. Plaintiff Caleb Prochnow is an individual and resident of Manatee County.

13. Mr. Prochnow is an illustration instructor at Ringling College and has expertise as an artist creating content for use in products, advertising, and marketing for a variety of corporations around the world.

14. On information and belief, Defendant Mercedes Medical, LLC is a company organized under the laws of Florida, with its principal place of business in Sarasota County located at 7590 Commerce Court, Sarasota, FL 34243, and also maintains an office at 7590 Commerce Court, Sarasota, FL 34243.

15. Defendant Mercedes is a national medical distribution company and sells over 20,000 medical products from over 1,000 manufacturers.

**FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

16. Starting in 2005, Mr. Prochnow was asked by Defendant Mercedes to prepare artwork relating to a vaguely described cartoon hippopotamus, a character Mercedes wished to use in free, promotional calendars.

17. On information and belief, prior to this time Mercedes' Henry character was relegated to plush animal toys; a hippo outfit used at Histology events; and a flat, two-dimensional generic hippopotamus. A picture of the two-dimensional depiction of a hippopotamus provided to Mr. Prochnow in 2005 is attached as Exhibit 1.

18. Mr. Prochnow, utilizing his training and skill as an artist, agreed to create his own expression of a hippopotamus for Mercedes to use in free, promotional calendars. Mr. Prochnow proceeded to bring Henry to life, as he is known today, in October of 2005.

19. As shown in Exhibit 2, Mr. Prochnow's work is conspicuously recognizable as a mischievous, smart, and sometimes athletic hippopotamus having large round eyes, defined ears and nostrils, and other original expressions of authorship created by Mr. Prochnow.

20. Mr. Prochnow agreed to provide thirteen further illustrations exclusively for use by Mercedes in its 2006 promotional calendar. The engagement, an unsigned copy of which is attached as Exhibit 3, was limited to Mr. Prochnow's preparation of the thirteen representations of Henry for use in the upcoming calendar, for which Mr. Prochnow was paid a nominal amount of $1,350, an amount much less than is typical for the license of limited-use calendar illustrations.

21. While the agreement in Exhibit 3 set out that Mercedes would have "ownership to reuse [the] images in future marketing of the company," Mr. Prochnow retained certain exclusive rights in the work, including copyrights precluding Mercedes' use of the work outside the scope of the 2006 free calendars. This was the only written agreement entered into by Mr. Prochnow prior to the 2010 royalty agreement outlined herein.

22. At the end of 2005, Mr. Prochnow proceeded to author the thirteen original pictorial works for the calendar, each such work consisting of Mr. Prochnow's original expression of Henry. Representative works of Mr. Prochnow's prepared for and included in the 2006 calendar are attached as Exhibit 4.

23. For the next four years, until 2010, Mercedes continued to ask Mr. Prochnow to create original pictorial works for its free, promotional calendars.

While Mr. Prochnow was paid a nominal fee during each of these years for allowing Mercedes the right to use his copyrighted works in Mercedes' free calendars, Mr. Prochnow entered into no written agreements relating to the post-2006 works, nor did he provide any assignment of his exclusive rights in the works to Mercedes.

24. As part of the 2006 discussions regarding the payment from Mercedes for the 2007 calendar illustrations, Mr. Prochnow provided Sara McKee (Marketing Manager of Mercedes at that time) with a copy of the calendar pricing page from the eleventh edition of the Graphic Artist Guilds Pricing and Ethical Guidelines book as shown in Exhibit 5. The parties ultimately agreed on a rate that confirmed the limited nature of Mercedes use of the images provided by Mr. Prochnow.

25. In 2010, Ms. McKee, in her capacity as the Marketing Manager of Mercedes, acknowledged the prior limited use of Mr. Prochnow's works only for "free" Mercedes promotional materials and inquired about expanding Mercedes' use of Mr. Prochnow's Henry illustrations to items for sale in "[Mercedes'] new catalog." This inquiry is reflected in the e-mail at Exhibit 6.

26. On March 19, 2010, a written offer was sent to Mr. Prochnow via electronic mail from Ms. McKee in which Mercedes offered to pay Mr. Prochnow

quarterly an eight percent (8%) royalty on sales of products sold using Henry's image. A copy of this offer is attached as Exhibit 7.

27. Mr. Prochnow accepted the offer and asked for a formal memorialization of the agreement at least by March 26, 2010, as evidenced by Exhibit 8.

28. Sometime after Mr. Prochnow agreed that Mercedes could use his works directly to sell Mercedes' products (with payment), Ms. McKee left the employ of Mercedes. Mr. Prochnow received no quarterly royalty payments, leaving him to assume that Mercedes had chosen not to use his illustrations in conjunction with the sale of its products.

29. In September 2015, however, it was brought to Mr. Prochnow's attention that his works of authorship of Henry, which he believed to have been long forgotten about at Mercedes, had actually been used, including derivatives thereof, since 2010 in increasing frequency to specifically promote the sale of Mercedes' products.

30. This use of Mr. Prochnow's works since 2010 has been without Mr. Prochnow's permission and/or payment of the agreed-upon quarterly royalty payments. In addition, Mercedes has continued to create calendars with additional Henry illustrations without Mr. Prochnow's involvement and without any remuneration to Mr. Prochnow.

31. The full extent of Mercedes' unauthorized use of Mr. Prochnow's works is unknown. However, Mercedes' use of Henry to sell its products is widespread. By way of example, an original illustration authored by Mr. Prochnow in 2005 is included on the "About Us" page of Mercedes' website, next to an express statement that Henry "has been the fun face of Histology at Mercedes Medical for close to 10 years," during which time he has helped to "to sell and promote [Mercedes'] products" by being featured on "calendars, catalogs, mugs, and private-labeled products." A copy of this website statement is shown in Exhibit 9.

32. Further, on information and belief, a 2006 pictorial work of Mr. Prochnow's is being used without authority and/or remuneration directly on the product labeling of Mercedes' Freezespray products as shown in Exhibit 10. And notwithstanding the use of the images directly on product packaging, Mercedes expressly tied the sale of its commercial products to the identity of Mr. Prochnow's Henry illustrations, applying – without Mr. Prochnow's knowledge – in July 2008 for a federal trademark registration containing one of Mr. Prochnow's illustrations as shown in Exhibit 11.

33. Accordingly, Mr. Prochnow's works have been displayed, altered, and published without remuneration to Mr. Prochnow. These illustrations by Mr. Prochnow are original and creative works of authorship with copyrights therein

vested in Mr. Prochnow. The works are protected under United States' copyright law.

34. In addition to the above, despite Mr. Prochnow's exclusive rights in his works, on information and belief, Mercedes has digitally altered Mr. Prochnow's original artwork into pieces and re-arranged these pieces into new and unauthorized derivative works. In the process, Mercedes has adulterated and resized Mr. Prochnow's illustrations using elements from other artists and/or photographs. Examples of these re-purposed images are shown in Exhibit 12. Mercedes' continued manipulation of Mr. Prochnow's artwork has destroyed the integrity of the original art and caused irreparable harm to Mr. Prochnow's reputation as an artist, whose success and reputation is based on the quality and integrity of his artistic craftsmanship

35. On information and belief, Mercedes has hired other artists to create derivative works based on Mr. Prochnow's illustrations.  Mr. Prochnow accordingly has lost wages and/or royalties based on the unauthorized use of Mr. Prochnow's original illustrations to create unauthorized derivative works to the benefit of Mercedes and without compensation to Mr. Prochnow.

36. On learning of Defendant's unauthorized use of his Henry illustrations, Mr. Prochnow contacted Mercedes in May 2016 and requested that Mercedes identify and remit proper remuneration for the sale of Mercedes products

covered by the 2010 agreement. Mr. Prochnow further filed applications for federal registrations on certain of the works, which applications remain pending.

37. Defendant refused discussions and continues to display the Henry images and derivatives thereof in violation of Mr. Prochnow's exclusive rights, leaving Mr. Prochnow with no choice but to institute the current action.

## COUNT I

## COPYRIGHT INFRINGEMENT

38. Mr. Prochnow incorporates the proceeding allegations 1-37 as though fully set forth herein.

39. Mr. Prochnow's illustrations of Henry provided to Mercedes for Mercedes' limited use embody copyrightable expression and subject matter under the copyright laws of the United States (herein "the Copyrighted Works").

40. Mr. Prochnow is the owner of certain rights, titles, and interests in and to the Copyrighted Works.

41. With full knowledge of Mr. Prochnow's rights, Defendant Mercedes, in violation of Mr. Prochnow's exclusive rights under 17 U.S.C. §106, has infringed and continues to infringe the Copyrighted Works by distributing, displaying, and causing others to distribute and display, the Copyrighted Works without Mr. Prochnow's consent.

42. Defendant Mercedes engaged in such infringement with full knowledge of Mr. Prochnow's rights in the Copyrighted Works. Accordingly, Defendant's acts constitute knowing, willful, and/or deliberate infringement of the Copyrighted Works. Each and every act of infringement is a separate, distinct, and new act of infringement.

43. Mr. Prochnow is entitled to damages in an amount sufficient to compensate him for the benefit received by Mercedes from Mercedes' use of the Copyrighted Works. The exact measure of damages suffered by Mr. Prochnow as a consequence of Mercedes' infringement are not presently known and will be proven at trial.

44. In addition, Mr. Prochnow cannot be fully compensated in damages and will suffer irreparable harm if infringement of his copyrights in the works continues, leaving him without an adequate remedy at law and requiring entry of an injunction prohibiting further infringement by Mercedes.

## COUNT II

## BREACH OF CONTRACT

45. Mr. Prochnow incorporates the proceeding allegations 1-44 as though fully set forth herein.

46. Mr. Prochnow entered into a written, valid, binding, and enforceable agreement with Mercedes in 2010 concerning the use of his Henry illustrations in the promotion and sale of Mercedes products.

47. In exchange for the expanded use of Mr. Prochnow's Henry illustrations, Mercedes agreed to pay Mr. Prochnow quarterly a royalty of 8% of sales on Mercedes' products bearing Mr. Prochnow's authorship of Henry's image.

48. Mr. Prochnow performed all obligations and duties required in performance of the contract.

49. Defendant Mercedes materially and wholly breached the contract when it failed to provide remuneration to Mr. Prochnow for use of the Henry illustrations on its website, product packaging, catalogs and other advertising to directly promote and sell Mercedes' histology-related products.

50. Mr. Prochnow suffered and continues to suffer damages as a direct and proximate result of Mercedes' breach.

51. Mr. Prochnow is entitled to damages in an amount sufficient to compensate him for Mercedes' breach of contract. The exact measure of damages suffered by Mr. Prochnow as a consequence of Mercedes' breach are not presently known and will be proven at trial.

## COUNT III

## UNJUST ENRICHMENT

52. Mr. Prochnow incorporates the proceeding allegations 1-51 as though fully set forth herein.

53. Mercedes has received a benefit from the use of Mr. Prochnow's original Henry illustrations on its website, product packaging, catalogs, and other advertising to promote and sell Mercedes' histology-related products without compensation to Mr. Prochnow. Mercedes appreciated this benefit and continues to enjoy the benefits of using Mr. Prochnow's original illustrations.

54. Mercedes' acceptance and retention of these benefits would be inequitable without fair remuneration to Mr. Prochnow, for Mercedes' use and benefit of the Henry illustrations.

55. Mr. Prochnow has been damaged and continues to be damaged by Mercedes' acts and omissions which have resulted in unjust enrichment to Mercedes. Mr. Prochnow is entitled to damages in an amount sufficient to compensate him for Mercedes' unjust enrichment.

56. The exact measure of damages suffered by Mr. Prochnow as a consequence of Mercedes' unjust enrichment are not presently known and will be proven at trial.

57. As set forth above, Mr. Prochnow has no adequate remedy at law for Mercedes' continuing actions that led to its unjust enrichment and will suffer irreparable harm as a consequence of Mercedes' continued use of his original Henry illustrations, leaving him without an adequate remedy at law and requiring entry of an injunction prohibiting further use by Mercedes of the works.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Prochnow respectfully requests that the Court enter judgment:

a. That Defendant Mercedes be permanently enjoined and restrained from copying, displaying, duplicating, disseminating, distributing, or otherwise using and infringing the copyrights in the Copyrighted Works;

b. That Defendant be ordered to file, within 30 days of issuance of the injunction, a sworn report setting forth in detail the manner in which Mercedes has complied with the injunction;

c. That Defendant be required to pay Mr. Prochnow such actual damages as Mr. Prochnow has sustained as a result of the copyright infringement and/or breach of contract;

d. That Defendant be required to account for and pay to Mr. Prochnow all gains, profits earned, and advantages derived from Mercedes' infringement of

Mr. Prochnow's Copyrighted Works, including, without limitation, all gains, profits earned, and advantages realized by Mercedes;

  e. That Defendant be required to disgorge all profits, direct and indirect, earned from Mercedes' acts of copyright infringement complained of including, without limitation, all gains, profits earned, and advantages realized by Mercedes following use of the Copyrighted Works;

  f. That Defendant be required to pay Mr. Prochnow such damages as Mr. Prochnow has sustained as a result of Mercedes' breach of contract;

  g. That Defendant be required to pay Mr. Prochnow such damages as Mr. Prochnow has sustained as a result of Mercedes' unjust enrichment;

  h. That pursuant to 17 U.S.C. §505, Defendant be required to pay Mr. Prochnow's full costs in this action and reasonable attorney's fees;

  i. That Defendant Mercedes be required to pay punitive damages to Mr. Prochnow; and

  j. That the Court award such other and further relief as it deems just and appropriate.

## JURY DEMAND

Plaintiff Caleb Prochnow respectfully requests a trial by jury on all issues triable by a jury in this case.

Dated: November 2, 2016.

Respectfully submitted,

*/s/ Janelle A. Weber*  _____
Janelle A. Weber
Florida Bar No. 017630
SHUTTS & BOWEN LLP
4301 West Boy Scout Boulevard, Suite 300
Tampa, FL 33607
Telephone: (813) 229-8900
Facsimile: (813) 229-8901
Email:  jweber@shutts.com

and

David S. Moreland
(Trial Counsel seeking *pro hac vice* admission)
Georgia. Bar No. 521998
MEUNIER CARLIN & CURFMAN, LLC
817 W. Peachtree Street, NW, Suite 500
Atlanta, Georgia 30308
Telephone: (404) 645-7700
Facsimile: (404) 645-7707
Email: dmoreland@mcciplaw.com
          talley@mcciplaw.com

*Counsel for Plaintiff Caleb Prochnow*